**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JEFFERY GREENE,**

   **Petitioner,**

**v.**                                                   **Case No. 4:25cv466-MW/MAF**

**STATE OF FLORIDA,**

   **Respondent.**
_____/

## REPORT AND RECOMMENDATION

On October 29, 2025, Petitioner Jeffery Greene a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  On March 19, 2026, Respondent filed a motion to dismiss the petition, with exhibits.  ECF No. 13.  Petitioner has filed a reply.  ECF No. 15.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter.  *See* Rule 8(a), R. Gov. § 2254 Cases.  The pleadings and attachments before the Court show the petition should be dismissed for lack of jurisdiction.

## Procedural Background

Petitioner Jeffery Greene challenges his conviction and sentence from the Second Judicial Circuit, Leon County, Florida, in case number 1990-CF-1982.  ECF No. 1 at 2.  In that case, he entered a nolo contendere plea on August 8, 1990, to the charged offense of grand theft of a motor vehicle, a third degree felony contrary to section 812.014(2)(c)4., Florida Statutes (1989), and the court withheld adjudication and placed him on 12 months' probation.  ECF No. 13 at 2; Exs. C, D.[1]

In June 1991, an affidavit of violation of probation was filed, stating Greene had not submitted written monthly reports, failed to pay the cost of supervision, and failed to reimburse Leon County.  Ex. E.  In an order rendered September 20, 1991, the trial court revoked Greene's probation, finding he had violated the conditions of his supervision in a material respect and explaining he had admitted the allegations, and the court imposed a sentence of two years of community control.  Ex. F.

On December 10, 1991, an affidavit of violation of community control was filed, stating Greene had not submitted a written monthly report for October 1991, failed to make required daily phone calls to the community

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's motion to dismiss, ECF No. 13.

control office, and was away from his approved residence without permission on three different dates.  Ex. G.  In an order entered April 10, 1992, the trial court revoked Greene's community control, finding he had violated conditions of his supervision in a material respect, and sentenced him to 24 months in prison with credit for 74 days.  Ex. H.  Greene did not appeal.  *See* ECF No. 13 at 3; Ex. A at 4.

According to the state trial court docket, a copy of which Respondent has provided in Exhibit A, the next event in this case occurred in 2023, Ex. A at 4, when Greene filed a pro se Motion to Correct Illegal Sentence pursuant to Florida Rule of Criminal Procedure 3.800(a) on September 14, 2023, Ex. I.  In an order dated October 24, 2023, the trial court denied the motion, explaining, "Defendant challenges the sufficiency of the evidence needed for proving the elements of Grand Theft" and "[s]uch a challenge is not cognizable in a Motion to Correct Illegal Sentence."  Ex. J.  Greene sought rehearing, which the court denied in an order rendered November 13, 2023.  Ex. K.  Greene did not appeal.  *See* ECF No. 13 at 3; Ex. A at 4-5.

On December 6, 2024, Greene filed in the state trial court a pro se motion titled "3.800(B) ACTUAL INNOCENCE."  Ex. M.  In an order rendered January 24, 2025, the court dismissed the motion, explaining Rule 3.800(b) allows for the correction of sentencing errors and "[e]ven if construed as a

motion to correct an illegal sentence under rule 3.800(a), [Greene] has failed to demonstrate an entitlement to relief from the face of the record." Ex. N. The court further explained that Greene "appears to argue against the validity of his plea agreement" but such a challenge "at this stage would need to be filed pursuant to rule 3.850, which must be filed within two years of [his] judgment and sentence becoming final." *Id*. The court also found Green's motion frivolous and warned him that if he "continues to file repetitious and frivolous pleadings," he may be prohibited from future pro se pleadings and be subjected to prison disciplinary procedures. *Id*.

Greene appealed to the First District Court of Appeal (First DCA), Ex. O, assigned case number 1D25-0350, and he filed an initial brief, Ex. P. The State filed a notice that it would not file an answer brief. Ex. Q. On August 5, 2025, the First DCA per curiam affirmed the case without a written opinion. Ex. R; Greene v. State, 419 So. 3d 1130 (Fla. 1st DCA 2025). Greene sought rehearing, which the court denied. Ex. S. The mandate issued October 27, 2025. Ex. R.

As indicated above, on October 29, 2025, Greene filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On March 19, 2026, Respondent filed a motion to dismiss the petition, with exhibits. ECF No. 13. Petitioner Greene has filed a reply. ECF No. 15.

Case No. 4:25cv466-MW/MAF

## Analysis

As Respondent indicates, Greene's 24-month prison sentence, imposed in April 1992, has long expired and he is no longer "in custody" for that judgment.  ECF No. 13 at 5.  Under the AEDPA, a court "shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treats of the United States."  28 U.S.C. § 2254(a) (emphasis added).  Similarly, the statute provides, in setting forth the "[p]ower to grant writ," that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is *in custody* in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3) (emphasis added); *see* Maleng v. Cook, 490 U.S. 488, 490 (1989).

"The question of whether a person is 'in custody' within the meaning of 28 U.S.C. § 2241(c)(3) is one of subject-matter jurisdiction."  Howard v. Warden, 776 F.3d 772, 775 (11th Cir. 2015).  The U.S. Supreme Court has explained, "While we have very liberally construed the 'in custody' requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction."  Maleng, 490 U.S. at 492.  Indeed, in Maleng, the Court considered "whether a habeas petitioner remains 'in custody' under a

conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted" and held that "he does not." *Id*.; *see, e.g.*, Lackawanna County Dist. Att'y v. Coss, 532 U.S. 394, 401 (2001) (explaining that "Coss is no longer serving the sentences imposed pursuant to his 1986 convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions"); Diaz v. State of Fla., 683 F.3d 1261, 1264 (11th Cir. 2012) ("Although we broadly construe the phrase 'in custody,' that requirement has not been extended to cover a scenario where a petitioner suffers no 'present restraint' from the conviction being challenged."); Birotte v. Sec'y for Dep't of Corr., 236 F. App'x 577, 579 (11th Cir. 2007) ("Maleng makes clear that the 'in custody' requirement means that the petitioner must be 'in custody' under the conviction or sentence under attack at the time the habeas petition is filed, and the collateral consequences of the conviction, alone, are insufficient to render the defendant 'in custody' for the purposes of a habeas attack.").

Greene is no longer serving the sentence imposed pursuant to the conviction in case number 1990-CF-1981. Therefore, he cannot bring a federal habeas petition directed at that conviction.

Notably, Greene's conviction became final for purposes of federal habeas on Monday, May 11, 1992, upon expiration of his time to appeal the judgment and sentence rendered April 10, 1992. *See* Fla. R. App. P. 9.110(b); Gonzalez v. Thaler, 565 U.S. 134, 154 (2012). Because his conviction became final before the April 24, 1996, effective date for AEDPA, he had until April 24, 1997, to file a timely § 2254 petition. *See, e.g.*, Moore v. Campbell, 344 F.3d 1313, 1319-20 (11th Cir. 2003). As set forth above, following his conviction, Greene did not file anything in this case until September 14, 2023, when he filed a pro se Rule 3.800(a) motion. Ex. I; *see* Ex. A. Thus, as Respondent also points out, ECF No. 13 at 7, Greene's § 2254 petition, filed in October 2025, is untimely.

Based on the foregoing, because Greene is no longer "in custody" for the challenged conviction, this Court does not have jurisdiction over his § 2254 petition. Accordingly, Respondent's motion to dismiss on this basis should be granted. Because the Court lacks jurisdiction, it need not address any merits-related matters such as Petitioner Greene's purported actual innocence. *See* Clements v. Fla., 59 F.4th 1204, 1209 (11th Cir. 2023) ("The 'in custody' requirement of § 2254(a) is jurisdictional, so we must address it first and before any merits-related matters like the applicable statute of limitations."); Heard v. Sec'y, Fla. Dep't of Corr., No. 25-10479, 2025 WL

3468958, at *1 (11th Cir. Dec. 3, 2025) ("[T]he district court erred in making a merits-based finding that these two claims were time-barred because they were actually successive, . . . and the court lacked jurisdiction to examine these two claims absent our authorization.  Accordingly, we vacate the district court's order dismissing these two claims as time-barred, and remand with instructions to instead dismiss these two claims for lack of jurisdiction.").

## Conclusion

This Court does not have jurisdiction over this § 2254 petition because Petitioner Greene is no longer in custody for the challenged conviction. Therefore, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss on this basis, ECF No. 13, be **GRANTED**, and the § 2254 petition, ECF No. 1, be **DISMISSED for lack of jurisdiction**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Case No. 4:25cv466-MW/MAF

Petitioner fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted).  Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## **Recommendation**

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 13) be **GRANTED** and the § 2254 petition (ECF No. 1) be **DISMISSED for lack of jurisdiction.**  It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on April 29, 2025.

S/  Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**